**Edmond HOSEPO, Petitioner,**

**v.**

---

Peter D. KEISLER,* Attorney General, Respondent.

No. 04–72304.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Oct. 1, 2007.

Alan Aghabegian, Law Offices of Alan Aghabegian, Glendale, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marion E. Guyton, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

MEMORANDUM ***

Edmond Hosepo petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

We lack jurisdiction to review the IJ's determination of a question of fact that petitioner is statutorily ineligible for asylum based on the one-year time bar. *See* *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007). We have jurisdiction under 8 U.S.C. § 1252 over petitioner's remaining claims.

Substantial evidence supports the IJ's credibility finding. The IJ did not err in noting Hosepo's failure to provide corroborating evidence. In cases such as this one, "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and

---

trafficking crime" because it does not contain a firearm element.

\* Pursuant to Fed. R.App. P. 43(c)(2), Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000). While discussing the adverse credibility determination, the IJ properly addressed Hosepo's persecution claim.

Because the IJ did not find petitioner's testimony to be credible, and the other evidence in the record does not compel the conclusion that petitioner would more likely than not be tortured, "we defer to the IJ and BIA's determination that relief under the CAT is unavailable." *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir.2006)

By the same token, because the IJ did not find petitioner's testimony to be credible, and the other evidence in the record does not compel the conclusion that petitioner would more likely than not be subject to persecution on account of one of the grounds enumerated in 8 U.S.C. § 1231(b)(3)(A), we defer to the IJ and the BIA's determination that withholding of removal is unavailable. *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir.2004).

Accordingly, the petition for review is dismissed in part and denied in part.

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**